# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| RALPH MCLELLAN,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    Case No. 3:16-cv-2032 (VAB) |
| CAROL CHAPDELAINE, ET AL.,<br>    Defendants. | :<br>:<br>: |

## RULING ON PENDING MOTIONS

Ralph Mclellan ("Plaintiff"), currently confined at MacDougall-Walker Correctional Institution, proceeds *pro se* in this civil rights action. On January 27, 2017, the Court dismissed all of Mr. Mclellan's claims under 28 U.S.C. § 1915A(b)(1). Pending before the Court is Mr. Mclellan's motion for reconsideration of the Court's ruling dismissing the claims in the Complaint, as well as a motion for leave to file an Amended Complaint.

For the reasons set forth below, the motion for reconsideration is granted, but the relief requested is **DENIED**; the motion for leave to amend is **GRANTED**; and the claims in the Amended Complaint are **DISMISSED**.

## I.  FACTUAL AND PROCEDURAL SUMMARY

Mr. Mclellan initiated this action by filing a Section 1983 Complaint against Warden Carol Chapdelaine, District Administrator Angel Quiros, Captain Rivera, Lieutenants Richardson and Roy, Correctional Officers Lagassey, Gonzalez and Rule, Counselor Landolina, John Doe, John Doe #2, Jane Doe and Jane Doe #2 (together "Defendants"). *See* Compl., ECF No. 1. Mr. Mclellan asserted First, Eighth and Fourteenth Amendment claims in connection with certain prison discipline that arose out of an investigation into whether Mr. Mclellan was working with his fiancée, Tina Seckinton, to smuggle narcotics into the prison facility. *Id.*

According to the initial Complaint, Officer Lagassey issued Mr. Mclellan a disciplinary report for conspiracy to convey contraband in July of 2016. The Complaint claims that, following this disciplinary report, Ms. Seckington was de-activated from Mr. Mclellan's visitor list. After a hearing in August 2016, Lieutenant Richardson formally found Mr. Mclellan guilty of the charge and sanctioned him to a time of punitive segregation, loss of visits, loss of commissary and loss of Risk Reduction Earned Credits. The Complaint also alleges that Captain Rivera refused Mr. Mclellan's requests to reinstate Ms. Seckington's status on the visitor list. The Complaint outlined several allegations under federal and state law against Officer Lagassey, Lieutenant Richardson and Captain Rivera as well as supervisory staff at the Department of Corrections in connection with this investigation of Mr. Mclellan and the resulting discipline.

On January 27, 2017, the Court issued an Initial Review Order ("IRO") dismissing Mr. Mclellan's claims. IRO, ECF No. 10. The Court dismissed the claims against Defendants Chapdelaine, Gonzalez, Rule and John Doe, John Doe #2, Jane Doe and Jane Doe #2 because Mr. Mclellan failed to include any allegations that they had violated his constitutionally or federally protected rights. The Court also dismissed the Fourteenth Amendment procedural due process claim against defendants Quiros, Richardson, Roy, Rivera, Lagassey and Landolina related to sanctions that affected Mclellan's conditions of confinement, the Fourteenth Amendment Equal Protection claim against Defendants Quiros, Richardson, Roy, Rivera, Lagassey and Landolina, the Eighth Amendment claims against Defendants Quiros, Richardson, Roy, Rivera, Lagassey and Landolina, and the First Amendment and Fourteenth Amendment visitation claims against Defendant Rivera under 28 U.S.C. § 1915A(b)(1). Finally, the Court dismissed the Fourteenth Amendment due process claim related to the loss of Risk Reduction

Earned Credits against Defendants Quiros, Richardson, Roy, Rivera, Lagassey and Landolina without prejudice under 28 U.S.C. § 1915A(b)(1). Having dismissed all federal claims, the Court declined to exercise supplemental jurisdiction over any state law claims. *See* Initial Review Order, ECF No. 10.

## II. STANDARD OF REVIEW

### A. Motions for Reconsideration

Under Rule 7(c) of the Local Civil Rules of the United States District Court for the District of Connecticut, "[m]otions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions." Generally, reconsideration will be granted only if the moving party can identify "controlling decisions or data that the court overlooked" and that would reasonably be expected to alter the court's decision. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

A party's identification of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" may also constitute sufficient reasons to grant a motion for reconsideration. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). A party may not, however, use a motion for reconsideration to re-argue prior issues that have already been decided, present "new theories" or arguments that could have been raised earlier, seek a new hearing "on the merits, or [to] otherwise tak[e] a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

### B. Motions for Leave to Amend the Complaint

Motions for leave to amend are governed by Rule 15 of the Federal Rules of Civil Procedure. The plaintiff may amend a complaint once as a matter of right within 21 days of serving it or within 21 days of service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Nonetheless, under 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.*

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must still include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

## III. DISCUSSION

### A. MOTION FOR RECONSIDERATION [ECF No. 28]

Mr. Mclellan seeks reconsideration of the Court's dismissal of his claims. The motion for reconsideration is granted, but the relief sought is denied, and the Court will not disturb its ruling dismissing Mr. Mclellan's claims.

Mr. Mclellan contends that the Court failed to consider whether Defendants denied him procedural due process in connection with the hearing regarding his disciplinary report for contraband. When addressing Mr. Mclellan's Fourteenth Amendment due process claim, however, the Court properly analyzed the claim under the standard set forth by the Supreme Court in *Sandin v. Connor*, 515 U.S. 472 (1995). *See* Initial Review Order, ECF No. 10 at 5. The Court explained that, in order for an inmate to state a claim for a violation of procedural due process based on sanctions that are imposed for a disciplinary infraction, he must first show that he had a protected liberty interest in remaining free from the confinement and/or conditions that he challenged. *See id.*

Based on the Court's determination that the sanctions imposed against Mr. Mclellan did not cause him to experience an atypical or significant hardship, no liberty interest was implicated here. *See id.* at 9. Thus, it was unnecessary to reach the second step of the due process analysis regarding whether Defendants deprived Mr. Mclellan without affording him procedural due process. Accordingly, the Court properly rejected Mr. Mclellan's claims regarding flaws in the procedural process provided by Defendants in connection with the disciplinary report and hearing.

Mr. Mclellan also requests that the Court "include a factual legal finding" regarding his claims that Captain Rivera violated his Fourteenth Amendment right to due process by suspending his visiting privileges with his fiancée. Mot. Recon. at 2-3, ECF No. 15. In the Initial Review Order, the Court directly addressed Mr. McClellan's claims regarding the suspension of his visitation privileges, noting that an inmate has no constitutionally protected right to contact or noncontact visits under the Due Process Clause of the Fourteenth Amendment. *See* Initial Review Order, ECF No. 10 at 8, 12. The Court noted that temporary deprivation of visitation privileges of up to two years "'did not constitute a dramatic departure from accepted standards for conditions of confinement.'" *See id.* at 12 (quoting *Overton v. Bazzetta*, 539 U.S. 126, 137 (2000)). Thus, the Court properly found that – consistent with the Supreme Court's ruling on the issue – the five month suspension of Mr. Mclellan's visitation privileges with his fiancée did not implicate a liberty interest that warranted due process protection. *See id.*

Mr. Mclellan was not entitled to a hearing before the suspension of his visitation privileges with his fiancée or the removal of his fiancée from his visiting list; accordingly, Mr. Mclellan's contention that the Court did not make factual or legal findings as to his Fourteenth Amendment due process claim with regard to the suspension of his visitation rights with his fiancée is without merit.

Mr. Mclellan also argues that the Court did not properly address his claim that he had a Fourteenth Amendment due process right to have his fiancée reinstated to his visitation list. According to the motion, Mr. Mclellan asked Captain Rivera to reinstate Ms. Seckinton's visiting rights in November 2016. However, his due process claim with regard to reinstatement

of his visitation rights was not asserted in the Complaint. *See* Compl., ECF No. 1 at 6-8. Thus, the fact that the Court did not address the claim was not erroneous.

The Court concludes that Mr. Mclellan has not pointed to any facts or decisions that the Court overlooked in determining that Mr. Mclellan lacked a liberty interest in avoiding the sanctions imposed on him in connection with the disciplinary report and hearing, thus Administrator Quiros, Lieutenants Richardson and Roy, Correctional Officer Lagassey and Counselor Landolina did not violate his Fourteenth Amendment due process rights. Mr. Mclellan has also failed to demonstrate that the Court overlooked any facts or decisions when concluding that the conduct of Captain Rivera in suspending his visitation privileges with his fiancée did not violate his Fourteenth Amendment due process rights or First Amendment right to association. Rather, Mr. Mclellan simply disagrees with the Court's ruling, which is not an appropriate basis for reconsideration.

Accordingly, after careful reconsideration, the relief requested in Mr. Mclellan's motion for reconsideration is denied.

### B. MOTION FOR LEAVE TO AMEND [ECF No. 14]

Mr. Mclellan also seeks leave to file an Amended Complaint. Although this case is closed and Mr. Mclellan did not file a motion to reopen the case, the Court will liberally construe his motion to amend as also seeking to reopen the case in order to file an Amended Complaint. Mr. Mclellan's motion to reopen is granted. As this is Mr. Mclellan's first request to amend his Complaint, his motion for leave to file an Amended Complaint is also granted. *See* Fed. R. Civ. P. 15(a)(1) (noting that a party may generally "amend its pleading once as a matter of course"

and that "[t]he court should freely give leave when justice so requires"). The Clerk of the Court is directed to docket the Amended Complaint attached to the motion.

A review of the Amended Complaint, however, reflects that it is essentially identical to the Complaint. The main difference between the two documents is that the Amended Complaint includes only five of the thirteen Defendants named in the Complaint, and the Amended Complaint, unlike the Complaint, does not include any claims based on the Eighth Amendment or the Equal Protection Clause of the Fourteenth Amendment. *See* Am. Compl., at 3-9.

The Amended Complaint does not contain any new factual allegations with regard to either Mr. Mclellan's Fourteenth Amendment due process claims or his First Amendment right of association claim. Thus, for the same reasons stated in the Court's Initial Review Order, ECF No. 10, these claims are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

The Amended Complaint does, however, contain new allegations as to Captain Rivera's denial of Mr. Mclellan's request to reinstate his fiancée to his visitation list. With regard to Mr. Mclellan's due process claim against Captain Rivera, the Amended Complaint contends that the Department of Correction's Administrative Directive 10.6, which addresses inmate visits, creates a liberty interest that requires a hearing before a prison official can deny a request to reinstate a visitor to an inmate's visitation list. The Amended Complaint also claims that the suspension of Mr. Mclellan's visitation privileges with his fiancée constitutes a permanent ban on his visitation rights, therefore it impermissibly interferes with his First Amendment right of association. In accordance with the requirements of 28 U.S.C. § 1915A(b), the Court concludes that these new allegations fail to state a claim against Captain Rivera and are appropriately dismissed. *Id.*

(requiring the court to review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] ... fails to state a claim upon which relief may be granted").

### 1. Due Process Allegations – Administrative Directive 10.6

The Amended Complaint challenges Captain Rivera's removal of Ms. Seckington from the visitor list "without notice or right to be heard and/or appear as administrative directive(s) requires" and attaches Administrative Directive 10.6 as an Exhibit. Am. Compl. ¶ 34; Admin. Directive 10.6, Am. Compl. Ex. R, ECF No. 19. Administrative Directive 10.6 states that "[a] single visit or all visits, may be canceled, denied or terminated, by the ranking custody supervisor, at any time facility security and order requires or a reasonable belief exists that continuance of the visit could jeopardize safety, security or good order." *See id.* 10.6(6)(N). The Directive does not provide that an inmate has a right to appeal or challenge the termination of a visit or visits. Furthermore, the Directive provides that a visitor may be removed from a visitation list for various reasons, including contraband. *See id.* 10.6(4)(A)(5), ECF No. 19 at 38. According to this document, a proposed visitor may appeal his or her removal, but there is no provision allowing an inmate to challenge or appeal the removal of a visitor from his or her visitation list. *See id.* 10.6(4)(A)(6).

As it relates to an inmate's visitation rights, the allegations made by Mr. Mclellan in the Amended Complaint regarding the Department of Correction's Administrative Directive do not state a claim that Mr. Mclellan had a liberty interest that was violated by the termination of his fiancée from his visitation list. Accordingly, Mr. Mclellan's new Fourteenth Amendment claims against Captain Rivera are appropriately dismissed under 28 U.S.C. § 1915A(b).

9

### 2. First Amendment Allegations – Right of Association

The Amended Complaint also alleges that the suspension of Mr. Mclellan's visitation privileges with his fiancée constitutes a permanent ban on his visitation rights, therefore it impermissibly interferes with his First Amendment right of association. However, Mr. Mclellan never alleges that Captain Rivera terminated Mr. Mclellan's visitation rights with regard to all individuals. According to the Amended Complaint, Captain Rivera indicated only that, as of November 7, 2016, he thought it was necessary that Mr. Mclellan's fiancée continue to be deactivated from his visitation list based on her suspected involvement in a conspiracy to convey contraband into the facility that had occurred in June/July 2016. *See* Am. Compl., Ex. K, Nov. 7, 2016 Letter from Captain Rivera, ECF No. 19 at 20. The documents attached to the Amended Complaint demonstrate that Captain Rivera never imposed a permanent ban on Mr. Mclellan's visitation with his fiancée. *Id.* Furthermore, the Amended Complaint does not claim that Mr. Mclellan submitted any additional requests for reactivation of fiancée to his visiting list since November 7, 2016.

The governing case law establishes that these allegations cannot state a claim under the First Amendment. As of the filing of the Amended Complaint, Mr. Mclellan's visitation privileges with fiancée had been suspended approximately six months. In *Overton v. Bazzetta*, the Supreme Court held that a two-year ban on all types of inmate visitation for inmates with two substance-abuse violations, other than visits with attorneys and the clergy, was rationally related to the legitimate penological interests in deterring drug and alcohol use in prisons as well as inducing compliance with the rules of inmate behavior. *Overton,* 539 U.S. at 134.

Here, a disciplinary report was issued to Mr. Mclellan for conspiracy to convey narcotics into the prison facility, and when an investigation revealed that Mr. Mclellan's fiancée was involved in attempting to assist another inmate's fiancée to convey contraband into the prison facility, Mr. Mclellan was found guilty of conspiracy to convey contraband. Even interpreting all allegations in the light most favorable to the Mr. Mclellan, the alleged suspension of non-contact visits with Mr. Mclellan's fiancée, including the decision by Captain Rivera not to reinstate Mclellan's fiancée to his visitor list in November 2017, was rationally related to the penological goal of deterring Mr. Mclellan from attempting to convey contraband into the prison or committing other violations of prison rules in the future. *See Marrero v. Weir*, No. 3:13-CV-28(RNC), 2014 WL 4799228, at * 6 (D. Conn. Sept. 26, 2014) (removal of inmate's mother from his visitation list for twenty-two months or more as sanction for finding inmate guilty of conveyance of contraband into prison facility did not violate First Amendment because sanction was rationally related to legitimate security concerns); *Hernandez v. McGinnis*, 272 F. Supp. 2d 223, 227-28 (W.D.N.Y. 2003) (revocation of inmate's visitation rights, which lasted roughly three years, served a legitimate purpose—deterring visit-related misconduct and promoting internal security).

Accordingly, the Court concludes that the allegations against Captain Rivera in the Amended Complaint do not state a plausible First Amendment claim in connection with Captain Rivera's decision to remove Mr. Mclellan's fiancée from his visitation list and his subsequent refusal to reinstate her as a visitor. Thus, this claim, too, is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

## IV. CONCLUSION

The Motion for Reconsideration [**ECF No. 15**] of the Court's Initial Review Order, [**ECF No. 10**] dismissing the Complaint is granted. After careful review, however, the relief requested is **DENIED**. The Initial Review Order, [**ECF No. 10**], is **AFFIRMED** in all respects.

The Motion for Leave to File an Amended Complaint [**ECF No. 14**] is **GRANTED** to the extent that it seeks to reopen this action and to the extent that it seeks leave to file an Amended Complaint. The Clerk of the Court is directed to open the case and to docket the Amended Complaint attached to the motion to amend.

After reviewing the Amended Complaint, however, the Court concludes that the Fourteenth Amendment due process claims against Administrator Quiros, Lieutenant Richardson, Correctional Officer Lagassey and Counselor Landolina are **DISMISSED** under 28 U.S.C. § 1915A(b)(1) for the reasons stated in the Court's Initial Review Order, ECF No. 10. The Court further concludes that the Fourteenth Amendment due process and First Amendment association claims against Captain Rivera are **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).

The Court declines to exercise supplemental jurisdiction over any state law claims that may be asserted in the Amended Complaint. *See* 28 U.S.C. § 1367(c)(3); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117–18 (2d Cir. 2013). If Plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The Clerk of the Court shall enter judgment for Defendants and close the case.

SO ORDERED at Bridgeport, Connecticut this 1st day of September, 2017.

                                              /s/ Victor A. Bolden
                                              VICTOR A. BOLDEN
                                              UNITED STATES DISTRICT COURT